**Ronnie KNIGHT, Appellant,**

v.

**Jo Anne B. BARNHART,
Commissioner of Social
Security.**

No. 04–1829.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Jan. 28, 2005.

Decided Feb. 10, 2005.

Gerald Sullivan, Northwestern Legal Services, Meadville, PA, for Appellant.

Beverly H. Zuckerman, Philadelphia, PA, for Appellee.

Before SCIRICA, Chief Judge,
RENDELL and FISHER, Circuit Judges.

## OPINION OF THE COURT

FISHER, Circuit Judge.

Because we write for the parties only, the background of this case is not set forth. Ronnie Knight alleged disability since November 11, 2000, as a result of chronic neck and back pain. He appeals the order of the District Court granting summary judgment for the Commissioner of Social Security and affirming the denial of his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act (the "Act"), 42 U.S.C. § 401–433 and 1381–83f. Knight argues that the Administrative Law Judge ("ALJ") erred in determining that Knight possessed residual functional capacity to perform the sedentary jobs identified by the vocational expert. Specifically, he charges that the ALJ did not take into account the side effects of narcotic pain medication upon his ability to perform work, failed to credit medical evidence of record from the Veterans Administration Medical Center, failed to give appropriate weight to the treating and consultative physicians, and erred in its evaluation of Knight's testimony.

Although our review of the District Court's order is plenary, we are not permitted to weigh the evidence or substitute our conclusions for those of the ALJ. *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir.1992). We must uphold the Commissioner's factual findings if they are supported by substantial evidence in the record. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir.1999). Substantial evidence is such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion. *Plummer v. Apfel,* 186 F.3d 422, 427 (3d Cir.1999).

■ We conclude that the ALJ's findings are supported by substantial evidence. There is ample evidence in the record to support the ALJ's finding of Knight's residual functional capacity—what he could still do despite his limitations as assessed from a review of all of the evidence. 20 C.F.R. §§ 404.1545(a). The ALJ determined that although Knight's neck and back pain constituted a severe impairment under 20 C.F.R. §§ 404.1521 and 416.921, he still could perform a significant range of sedentary work. Despite Knight's arguments to the contrary, the ALJ considered all of the medical evidence of record, including Knight's treating physicians, the opinion of the state agency medical consultant, Knight's daily activities, the effect of his medication, and his allegations of pain.

■ Knight argues that the assessment made by his treating physician, Dr. Orinick, should have been given controlling weight over that of Dr. Niemec, the nontreating physician from the state agency, with respect to the impact that the narcotic medications had on his ability to perform sedentary work. Although more weight generally is given to the opinions of treating physicians given that they provide a longitudinal history of the claimant's medical condition, 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2) (2003), such is not the case here, where Dr. Orinick had limited contact with Knight. Moreover, the ALJ properly considered and evaluated other substantial evidence of record which was inconsistent with Dr. Orinick's findings, including the report of state agency medical consultant Dr. Niemic indicating that Knight was capable of performing light work on a sustained basis, the report of the examining consultative doctor Sylvia Ferretti indicating that Knight was capable of remaining awake (despite his pain medications) for at least seven hours during the workday, and Knight's recitation of his daily activities even while taking narcotics medications. *See* 20 C.F.R. §§ 404.1527(d)(3)-(4), 416.927(d)(3)-(4) (2003).

Knight's contention that Dr. Ferretti's report supported a finding that he was incapable of sedentary work given that he could not sit for more than six hours or stand for more than one hour lacked support in the record. In fact, the ALJ properly found that Dr. Ferretti's conclusions were inconsistent with her clinical findings from her physical examination of Knight.

■ Substantial evidence also supports the ALJ's determination that Knight's testimony regarding his symptoms, including his need to lie down due to medication side effects, was not credible in light of the medical evidence, including Dr. Ferretti's findings, the VA Medical Center records (which the ALJ considered), Dr. Niemec's opinion that Knight was capable of light work and diagnostic studies.

We have considered all of the contentions raised by the parties and conclude that no further discussion is necessary. The judgment of the District Court will be affirmed.